IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID EUGENE BRINKLEY,
BOP Inmate No. 39427-018,
    Plaintiff,

vs.                                          Case No.: 5:16cv228/MMP/EMT

THE UNITED STATES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Federal Bureau of Prisons proceeding pro se, initiated this action by filing a civil rights complaint under 28 U.S.C. §§ 1331 and 1346 and other, numerous federal statutes on August 11, 2016 (ECF No. 1). Plaintiff has not paid the filing fee but has filed a motion for leave to proceed in forma pauperis (ECF No. 2). Plaintiff also filed a motion for temporary restraining order (ECF No. 3) and a "motion for leave to file a constitutional violation complaint" (ECF No. 4).

The court takes judicial notice of four cases previously filed by Plaintiff in the United States District Court which have been previously dismissed as frivolous or for failing to state a claim upon which relief may be granted.

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action

or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In fact, Plaintiff's status as a prisoner with "three strikes was recently determined in another civil rights complaint he previously filed in this district, Case No. 5:16cv100/MP/CJK. As provided in that case:

> The court takes judicial notice of the following four federal civil actions or appeals previously filed by plaintiff, while incarcerated, that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* Brinkley v. United States of America, No. 5:10-ct-03084-BO, 2012 WL 78376 (E.D. N.C. 2012) (dismissing, under § 1915(e)(2)(B), plaintiff's complaint raising claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act, due to plaintiff's failure to exhaust administrative remedies and failure to comply with Rule 8's pleading requirements), *appeal dismissed as frivolous*, 474 F. App'x 151 (4th Cir. 2012); Brinkley v. United States of America, No. 5:14-hc-02254-D (E.D. N.C. May 5, 2015) (dismissing civil action filed by plaintiff as frivolous under 28 U.S.C. § 1915A, describing plaintiff's "29-page collection of documents, together with several exhibits" as "contain[ing] nothing but delusional, nonsensical, and baseless allegations"); Brinkley v. United States of America, No. 8:14cv02790-MSS-TBM (M.D. Fla. Dec. 2, 2014) (striking plaintiff's complaint as "another verbose and largely incomprehensible paper", and dismissing action without prejudice). All of the foregoing cases may be positively

identified as having been filed by plaintiff, because they bear his Federal Bureau of Prisons' inmate number (39427-018).

Case No. 5:16cv100/MP/CJK, doc. 4 at 2–3 (Report and Recommendation, adopted by court and judgment entered on June 1, 2016 (ECF Nos. 5, 6)). Thus, Plaintiff's status as a "three striker" has already been recognized by this court.

In the instant complaint, Plaintiff appears to claim that, as a "non-resident (neutral) alien sovereign body and sentient living secured party and principal creditor and grantor 'natural humal male person,'" he wants to challenge his contractual relationship with the Defendants, who represent various governmental entities, including the Federal Bureau of Prisons.[1]  Although difficult to discern what Plaintiff actually means, he does reference his constitutional rights, and he does attach as an exhibit provisions of the Religious Land Use and Institutionalized Persons Act (RLUIPA).  Furthermore, his motion for temporary restraining order raises issues regarding his Jewish heritage and evidently the difficulty he is having in observing a Kosher diet at FCI Marianna where he is currently incarcerated.

---

[1] Defendant appears to be raising a type of "sovereign citizen" claim, or at least his complaint is oriented toward that movement.  Adherents of such claims or defenses "believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."  Gravatt v. United States, 100 Fed. Cl. 279, 282 (2011) (citations omitted).

Case No.: 5:16cv228/MMP/EMT

As indicated above, a prisoner with three strikes is unable to proceed in forma pauperis unless he is under imminent danger of serious physical injury, which the court must determine from the complaint. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must construe the complaint liberally and accept the allegations as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

Case No.: 5:16cv228/MMP/EMT

In the instant case, the facts alleged by Plaintiff, inscrutable though they may be, do not show that he is suffering ongoing serious physical injury, nor do they allege any likelihood of imminent serious physical injury.

Because Plaintiff fails to meet the imminent injury requirement of section 1915(g), he is not eligible to proceed in forma pauperis. Since Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, this case should be dismissed. Leave should not be provided to allow him to pay the fee. Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, his failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Dismissal without prejudice would permit the initiation of a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED:**

1. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

2. That all pending motions be **DENIED** as moot.

3.      That the Clerk be directed to close this file.

At Pensacola, Florida, this 12th day of August 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**